**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JOHN WESLEY FRAZIER,**

**Petitioner,**

**v.**

**CASE NO. 2:05-CV-1112
JUDGE FROST
MAGISTRATE JUDGE KING**

**ERNIE MOORE, Warden,**

**Respondent.**

**ORDER and
REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.[1] This matter is before the Court on petitioner's application for leave to proceed *in forma pauperis* and for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Magistrate Judge **GRANTS** petitioner's application to proceed *in forma pauperis* but, for the reasons that follow, **RECOMMENDS** that this action be dismissed as untimely under 28 U.S.C. §2244(d).

## I. PROCEDURAL HISTORY

According to the petition, this case involves petitioner's May 16, 1996, guilty plea to charges of aggravated murder and aggravated robbery with gun specifications in the Fairfield County Court of Common Pleas. Petitioner was sentenced to 43 years to life. He never filed a timely appeal; however, he filed a motion for delayed appeal with the Fifth District Court of appeals, which motion was denied on April 8, 2002. On September 11, 2002, the Ohio Supreme Court dismissed

[1]This is the second habeas corpus action filed by petitioner in this Court. *See Frazier v. Warden, Montgomery County Jail,* C-3-95-275 (S.D. Ohio W. Div. 1996).

petitioner's subsequent appeal. Petitioner states that he later (again, on a date not indicated on the petition), filed a petition for a writ of habeas corpus with the Twelfth District Court of Appeals, but that on March 26, 2003, such action was dismissed. Petitioner also indicates that (on a date not indicated on the petition) he filed a petition for a writ of habeas corpus with the Ohio Supreme Court, which action was dismissed on October 26, 2005.

On December 2, 2005, petitioner submitted the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Detention of petitioner is without a judgment of conviction in violation of his due process rights.
>
> While petitioner entered a plea of guilty to the offenses, no finding or entry of guilt was ever made. The trial court was without jurisdiction to enter a sentence in this case.
>
> 2. Sentence is void because the court had no subject matter jurisdiction.
>
> A guilty plea was made before a single judge who was without jurisdiction because a three judge panel is required where a death specification is included in an indictment and this panel cannot be waived pursuant to statute, O.R.C. §2945.06.

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, provides for a one-year statute of limitations on the filing of habeas corpus actions. 28 U.S.C. §2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, petitioner's conviction became final on June 17, 1996, when the time period expired to file a timely appeal to the state appellate court. *Searcy v. Carter*, 246 F.3d 515, 518-19 (6th Cir. 2001); *Marcum v. Lazaroff*, 301 F.3d 480, 481 (6th Cir. 2002); Ohio App.R. 4(A). The statute of limitations expired one year later, on June 17, 1997. Further, it appears that none of petitioner's subsequent filings tolled or otherwise affected the running of the statute of limitations in this case, as all such actions were filed after the statute of limitations had already expired. "The tolling provision does not... 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003), citing *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998); *Winkfield v. Bagley*, 66 Fed.Appx. 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003)(same). Additionally, petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of

limitations. *See Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003).

In view of all of the foregoing, the Magistrate Judge **RECOMMENDS** that this action be dismissed as untimely.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

December 6, 2005

*s/Norah McCann King*
Norah McCann King
United States Magistrate Judge