IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOHN WESLEY FRAZIER,**

      **Petitioner,**

   v.                                  **CASE NO. 2:05-CV-1112**
                                              **JUDGE FROST**
                                              **MAGISTRATE JUDGE KING**

**ERNIE MOORE,**

      **Respondent.**

### ORDER and
### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's motion to dismiss, petitioner's memorandum *contra* the motion to dismiss, petitioner's motion for summary judgment, petitioner's motion for judgment granting habeas relief, respondent's motion for leave to file a response to petitioner's motion for summary judgment and petitioner's objection to that motion, incorrectly docketed as a motion, as well as the exhibits of the parties.[1] For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the petition for a writ of habeas corpus be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. §2244(d).

### I. PROCEDURAL HISTORY

Petitioner was indicted by the 1993 term of the Fairfield County grand jury on two counts of aggravated murder, in violation of O.R.C. §2903.01(A), with firearm and death penalty

---

[1] Petitioner has also incorporated all of the arguments presented in his initial objections to the Magistrate Judge's *Report and Recommendation*, Doc. No. 6. *See Memorandum in Opposition to Motion to Dismiss.*

specifications, and one count of aggravated robbery, in violation of O.R.C. §2923.11, with a firearm specification. Exhibit A to Return of Writ. While represented by counsel, on October 12, 1993, petitioner waived his right to a jury trial and pleaded guilty before a three-judge panel to one count of aggravated murder and aggravated robbery, with specifications. The State agreed not to seek the death penalty. Exhibits B and C to Return of Writ. After a mitigation hearing, however, the three judge panel concluded that petitioner's guilty plea was not knowing, intelligent, and voluntary and reinstated petitioner's not guilty plea. Exhibits D and E to Return of Writ. Petitioner thereafter filed a motion to dismiss his further trial on double jeopardy grounds. Exhibit F to Return of Writ. On January 24, 1994, after a hearing, the trial court (a panel comprised of three different judges) denied petitioner's motion to dismiss, held that jeopardy had not attached and that the prior three judge panel had legally rejected petitioner's guilty plea. The case was set for trial. Exhibits J and K to Return of Writ. Still represented by counsel, petitioner filed a timely appeal of that decision. Exhibit L to Return of Writ. On March 31, 1994, the appellate court dismissed petitioner's appeal. Exhibit O to Return of Writ. Represented by the same counsel, petitioner filed a timely appeal of the appellate court's decision to the Ohio Supreme Court. He asserted the following propositions of law:

> 1. The Double Jeopardy Clause of the Fifth Amendment, Due Process Clause of the Fourteenth Amendment, and "due course of law" as guaranteed by Article I, Section 16, Ohio Constitution, require state appellate review of denials of double jeopardy claims in order that a criminal defendant avoid exposure to double jeopardy.
>
> 2. The acceptance of Frazier's pleas of guilty, with full awareness of the plea agreement between Frazier and the State, followed by a mitigation hearing during which witnesses are sworn, and testimony is taken, constitutes jeopardy, and prohibits Frazier, by virtue of the Double Jeopardy Clause, from being subsequently tried under the same indictment.

Exhibit P to Return of Writ. On August 31, 1994, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Exhibit R to Return of Writ.

On July 24, 1995, represented by counsel, petitioner filed his first federal habeas corpus petition in the Southern District of Ohio, Western Division. Petitioner asserts that he did not authorize the filing of this habeas corpus petition. *Affidavit of John Wesley Frazier, Attachment 5 to Objections,* Doc. No. 6. However, the record reflects that petitioner signed the habeas corpus petition. *See Frazier v. Haines,* Case No. 3:95-CV-275 (S.D. Ohio, Western Division, May 29, 1996), Doc. No. 1. He asserted the following claims:

> 1. Denial of pre-trial appellate review of trial court ruling denying motion seeking relief under double jeopardy clause.
>
> 2. Double Jeopardy Clause prohibits the trying of petitioner a second time.

Exhibit S to Return of Writ. On February 9, 1996, in an agreed order signed by all parties and counsel, the district court conditionally granted the petition for a writ of habeas corpus on claim two:

> The Writ of Habeas Corpus is CONDITIONALLY GRANTED. This Court orders that petitioner be sentenced on his aggravated murder conviction to one of the sentences enumerated in Ohio Revised Code 2929.03(D)(3)(a) or (b) within ninety days of the filing of this Order.... [T]he sentence may be imposed by a single judge rather than a three-judge panel. If said sentencing hearing is not held within 90 days or within a later date if extended by this Court, this Court Orders that the Petitioner shall be sentenced on the aggravated murder charge to the minimum term of life imprisonment with parole eligibility after serving twenty full years of imprisonment.
>
> Nothing in this Decision purports to affect the authority of the Ohio court to sentence Mr. Frazier on the aggravated robbery charge or the firearm specification.

*Id.*, Doc. No. 23. Thereafter, on May 16, 1996, again represented by counsel, petitioner reaffirmed

his prior guilty plea, waived jury trial, and consented to be sentenced by a single judge. Exhibits U, V, W to Return of Writ. Petitioner represents that he has no complete memory of the May 16, 1996, hearing, and that he only "vaguely" remembers signing documents at his sentencing hearing. *Affidavit of John Wesley Frazier, Attachment 5 to Objections*. He was sentenced to life without possibility of parole for thirty years on the aggravated murder conviction, plus three years for use of a firearm, and to ten to twenty-five years on the aggravated robbery conviction, such sentences to be served consecutively to each other. Exhibit X to Return of Writ.

Almost six years later, on March 18, 2002, petitioner filed a *pro se* motion for delayed appeal pursuant to Ohio Appellate Rule 5(A) with the state appellate court. Exhibit Y to Return of Writ. On April 8, 2002, the state appellate court denied petitioner's motion for delayed appeal. Exhibit AA to Return of Writ. Again proceeding *pro se*, petitioner filed a timely appeal of the appellate court's decision to the Ohio Supreme Court. He asserted the following propositions of law:

> 1. A defendant can show good cause for filing a delayed direct appeal by showing that heavy doses of forced psychotropic medication interfered with the ability to file a timely notice of appeal and that no counsel was appointed by the trial court for purposes of a direct appeal.
>
> 2. A defendant's right to due process is violated when a court of appeals issues an order that is not sufficiently informative to permit meaningful appellate review and constitutes a mere wholesale adoption of the State's memoranda of law.
>
> 3. A substantive interpretation of a criminal statute by the Ohio Supreme Court is retroactive for purposes of a defendant filing a motion for leave to file a delayed direct appeal.

Exhibit BB to Return of Writ. On September 11, 2002, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Exhibit DD to Return of Writ. Represented by new counsel, on January 7, 2003, petitioner filed a petition

4

for a writ of habeas corpus with the state court of appeals. He asserted that a single judge lacked jurisdiction to accept his guilty pleas and sentence him. Exhibit EE to Return of Writ. On March 26, 2003, the appellate court dismissed petitioner's habeas corpus petition. Exhibit FF to Return of Writ. Again represented by the same counsel, petitioner filed a timely appeal of the appellate court's decision to the Ohio Supreme Court. He asserted the following proposition of law:

> O.R.C. Section 2945.06 divests a single judge of subject matter jurisdiction to accept a guilty plea and sentence a defendant prior to the death penalty specifications being dismissed.

Exhibit GG to Return of Writ. On May 12, 2004, the Ohio Supreme Court affirmed the appellate court's decision. Exhibit II to Return of Writ. Petitioner's petition for a writ of *certiorari* was denied by the United States Supreme Court on October 12, 2004. Approximately one year later, on September 16, 2005, petitioner filed a habeas corpus petition with the Ohio Supreme Court. In that action, petitioner asserted that he had been denied due process because the trial court failed to issue a judgment entry of conviction prior to imposing sentence. Exhibit JJ to Return of Writ. On October 26, 2005, the Ohio Supreme Court *sua sponte* dismissed petitioner's state habeas corpus petition. Exhibit KK to Return of Writ.

On December 7, 2005, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Detention of petitioner is without a judgment of conviction. While petitioner entered a plea of guilty to the offenses, no finding or entry of guilt was ever made. The trial court was without jurisdiction to enter a sentence in this case.
>
> 2. Sentence is void because the court had no subject matter jurisdiction.

5

> A guilty plea was made before a single judge who was without jurisdiction because a three judge panel is required where a death specification is included in an indictment and this panel cannot be waived pursuant to statute, O.R.C. 2945.06.

### II. PETITIONER'S MOTIONS FOR JUDGMENT

Respondent's return of writ was due on or before April 28, 2006. Doc. No. 13. On April 26, 2006, respondent filed a motion to dismiss for failure to satisfy the statute of limitations established in 28 U.S.C. §2244(d). Doc. No. 14. Petitioner responded to that motion on May 17, 2006, Doc. No. 15, and on that same date filed a motion for summary judgment based on the exhibits submitted by petitioner and those attached to the respondent's motion to dismiss. Doc. No. 16.

Respondent made no response to the motion for summary judgment and, on August 11, 2006, petitioner filed a motion for judgment granting habeas relief, essentially a motion for default judgment in light of respondent's failure "to file an answer" or response to the motion for summary judgment. Doc. No. 17. On August 15, 2006, respondent filed a motion for leave to file *instanter* a response to the motion for summary judgment, Doc. No. 18, the actual response to the motion for summary judgment, Doc. No. 19, and a substantive response to the motion for judgment granting habeas relief, Doc. No. 20. In each of these filings, respondent contends, essentially, that the motion to dismiss is a sufficient response to the petition.[2] Although petitioner objects to the motion for leave to file *instanter*, and to respondent's position generally, this Court agrees that, in light of the filing of the motion to dismiss, respondent is not in default. Petitioner's motion for judgment granting habeas relief is therefore without merit. Moreover, because the Court concludes *infra* that

---

[2] Respondent also represents that he was not served a copy of the motion for summary judgment. The Court concludes that it need not address this contention, or petitioner's challenge thereto.

6

the motion to dismiss is meritorious, petitioner's motion for summary judgment must be denied. Under these circumstances, respondent's motion for leave to file *instanter* a response to the motion for summary judgment is **DENIED AS MOOT**.

### III.  STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, provides for a one-year statute of limitations on the filing of habeas corpus actions. 28 U.S.C. §2244(d)(1) provides:

> (d)(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner, however, contends that the statute of limitations is inapplicable to this case

because he has invoked the jurisdiction of the Court under 28 U.S.C. §§2241 and 1651. ["the All Writs Act"]. *See* Doc. Nos. 7, 11. This Court is not persuaded by petitioner's argument.

In the Sixth Circuit, there is some question whether a state prisoner may even proceed under 28 U.S.C. §2241. *Allen v. White,* 2006 WL 1716712, \*2 (6th Cir., June 22, 2006) (unpublished). In any event, however, even an action by a state prisoner under 28 U.S.C. §2241 is subject to all the restrictions of 28 U.S.C. §2254, including the one-year statute of limitations set out in 28 U.S.C. §2244(d). *Id.* Additionally,

> the Supreme Court noted in rejecting the use of *coram nobis* in *Carlisle v. United States,* 517 U.S. 416 (1996), "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Id.* at 428-29 (quoting *Pa. Bureau of Corr. v. U.S. Marshals Serv.,* 474 U.S. 34, 43 (1985)) (internal quotation marks omitted). As noted above, because Petitioner is in custody pursuant to the judgment of a state court, his request for relief is governed by § 2254. Because a § 2254 petition is available to him, a writ under §1651 is not. *See, e.g., Godoski v. United States,* 304 F.3d 761, 762 (7th Cir.2002).

*Schonschack v. United States*, 2006 WL 147847 (W.D. Michigan May 22, 2006). Petitioner may not avoid the applicable statute of limitations simply by invoking §2241 or §1651. *See Godoski v. United States, supra*; see also *Butler v. Davis*, 2006 WL 950263 (E.D. Michigan April 10, 2006):

> A habeas petitioner is "not permitted to circumvent the procedural requirements and gatekeeping mechanisms of § 2254 and § 2255 merely by labeling a petition as one brought under § 2241." *Woodfin v. Angelone,* 213 F.Supp.2d 593, 595 (E.D.Va.2002). Several courts of appeals, including the Sixth Circuit, have held that the AEDPA's one-year statute of limitations applies equally to habeas petitions filed by state prisoners under 28 U.S.C. § 2241. *See Brock v. Howes,* 96 Fed. Appx. 968, 969 (6th Cir.2004); *Burger v. Scott,* 317 F.3d 1133, 1138 (10th Cir.2003); *Owens v. Boyd,* 235 F.3d 356, 360 (7th Cir.2000). District courts have reached the same conclusion. *See McLean v. Smith,* 193 F.Supp.2d 867, 872 (M.D.N.C.2002); *Woodfin,*

8

> 213 F.Supp.2d at 595-96 (dismissing habeas petition brought by state prisoner under § 2241 as being time barred by the AEDPA's statute of limitations period). As the Seventh Circuit explained in *Owens,* this conclusion is compelled by the plain language of § 2244: "Section 2244(d)(1) applies to every 'application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.' It does not distinguish between applications under § 2241 and those under § 2254." *Owens,* 235 F.3d at 360; *cf. Felker v. Turpin,* 518 U.S. 651, 662, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (a court's "authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.' "). Accordingly, the Court should conclude that petitioner's application is subject to the limitations provision found in § 2244(d), regardless of whether it is characterized as a petition under § 2241 or § 2254.

*Id.*

Petitioner next argues that the one-year statute of limitations is inapplicable to him because he was sentenced without any valid state court judgment of conviction. *See Memorandum in Opposition to Motion to Dismiss*. This argument is likewise unavailing. Any failure by the state trial court to enter a "judgment of conviction" with its May 16, 1996, sentencing entry did not affect petitioner's ability to file an appeal or other state court proceeding regarding his sentence, or to argue in timely fashion that the trial court lacked jurisdiction to impose sentence. Likewise, this Court is not persuaded that any such failure by the state trial court affected the running of the statute of limitations under §2244(d).

Petitioner's conviction became final on June 15, 1996 -- *i.e.,* thirty days after he was re-sentenced by the state trial court on May 16, 1996 -- when the time period expired to file a timely appeal. *See Searcy v. Carter*, 246 F.3d 515, 518-19 (6th Cir. 2001); *Marcum v. Lazaroff*, 301 F.3d 480, 481 (6th Cir. 2002); Ohio App.R. 4(A). The statute of limitations expired one year later, on June 15, 1997. None of petitioner's subsequent state court actions tolled the running of the statute

9

of limitations under 28 U.S.C. §2244(d)(2), since the statute of limitations had already long since expired prior to the filing of such actions. "The tolling provision does not... 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano,* 346 F.3d 598, 601 (6th Cir. 2003), citing *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998); *Winkfield v. Bagley*, 66 Fed.Appx. 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003)(same).

Petitioner nonetheless asserts that equitable tolling of the statute of limitations is appropriate because he

> was being continually and forcibly medicated with psychotropic drugs throughout his trial court proceedings and ongoing into his incarceration. The medical records attached as Exhibit 3 demonstrate from the Ohio Department of Rehabilitation and Corrections' own documentation, Frazier was forcibly maintained on Elavil and Thorazine, both highly potent psychotropic medications with profound effects on the perceptions of the reality of the patient.

*Memorandum in Opposition to Motion to Dismiss*, at 5.

"[P]etitioner bears the... burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir.2002). Equitable tolling should be used sparingly. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir.2000) (citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560-61.

> The Supreme Court has explained that "[w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453,

10

> 112 L.Ed.2d 435 (1990). However, "[w]e have generally been much less forgiving ... where the claimant failed to exercise due diligence in preserving his legal rights." *Id.; cf. Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

*Jurado v. Burt*, 337 F.3d 638, 642-43 (2003). In order to determine whether to equitably toll the statute of limitations, the Court must consider the following five factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.*, at 643, citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001); *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988).

Petitioner's convictions became final in June 1997. The statute of limitations was created by the Antiterrorism and Effective Death Penalty Act in 1996. Nonetheless, petitioner waited until December 2005 to file the instant habeas corpus petition. It simply was not reasonable for petitioner to remain ignorant of the filing requirement for federal habeas corpus cases for this period of time, and there is no basis for finding that petitioner lacked constructive knowledge of the one-year filing requirement for habeas corpus petitions. Lack of actual notice, and "ignorance of the law, even for an incarcerated *pro se* petitioner generally does not excuse [late] filing." *Fisher v. Johnson,* 174 F.3d 710, 714-15 (5th Cir.1999); *see also United States v. Baker,* 197 F.3d 211, 218 (6th Cir. 1999); *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Winkfield v. Bagley*, 66 Fed.Appx. 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003).

> Even those not versed in the law recognize the centuries-old maxim that "ignorance of the law is no excuse." This maxim, deeply embedded in our American legal tradition, reflects a presumption that

11

> citizens know the requirements of the law. The benefits of such a presumption are manifest. To allow an ignorance of the law excuse would encourage and reward indifference to the law. Further, the difficulty in proving a defendant's subjective knowledge of the law would hamper criminal prosecutions.

*United States v. Baker, supra,* 197 F.3d at 218. Despite petitioner's allegations, the record is simply without support for petitioner's allegation that his mental health issues or medication prevented him from pursuing legal action for the time period at issue.

> *"*A habeas petitioner's mental incompetence is not a *per se* reason to toll the statute of limitations for filing a federal habeas petition. Instead, the alleged mental incompetence must somehow have affected the petitioner's ability to timely file a habeas petition." *Brown v. McKee*, 232 F.Supp.2d 761, 767 (E.D.Mich.2002) (citing to *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir.2001)). Therefore, a habeas petitioner must allege more than the "mere existence of physical or mental ailments" in order to qualify for equitable tolling; he must show that his mental health problems rendered him unable to file a habeas petition within the one-year limitations period. *Id*.
>
> The general federal rule is that a statute of limitations is tolled by reason of mental illness "only if the illness in fact prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir.1996) (internal citations omitted). Courts have held that a mental condition that merely burdens a habeas petitioner, but does not prevent him or her from filing a timely application for habeas relief, does not constitute an extraordinary circumstance that justifies equitable tolling. *United States v. Harris*, 268 F.Supp.2d 500, 506 (E.D.Pa.2003).

*Waters v. Renico*, 2005 WL 1838625 (E.D. Michigan July 29, 2005); see also *Price v. Lewis*, unpublished, 119 Fed.Appx. 725 (6th Cir. January 5, 2005):

> Illness--mental or physical--tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period. *Miller v. Runyon,* 77 F.3d 189, 191 (7th Cir.1996) (discussing mental illness); *Rhodes v. Senkowski,* 82 F.Supp.2d 160, 168-70 (S.D.N.Y.2000) (discussing physical and mental illness and collecting cases).... "The exceptional

> circumstances that would justify equitable tolling on the basis of mental incapacity are not present when the party who seeks the tolling has been able to pursue his or her legal claims during the period of his or her alleged mental incapacity." *Brown v. McKee,* 232 F.Supp.2d 761, 768 (E.D.Mich.2002). *See also, Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir.2001) ("We will permit equitable tolling of AEDPA's limitations period only if extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time" (citation and internal quotation marks omitted) (emphasis added)); *Biester v. Midwest Health Serv., Inc.,* 77 F.3d 1264, 1268 (10th Cir.1996) (finding equitable tolling inappropriate where the evidence demonstrated the plaintiff's ability to file his claim, in spite of his mental condition); *Lopez v. Citibank, N.A.,* 808 F.2d 905, 907(1st Cir.1987) (same).

*Id.; Bellbrey v. Douglas*, unpublished, 124 Fed.Appx.. 971 (6th Cir. March 7, 2005)(equitable tolling not appropriate where petitioner failed to establish causal connection between mental illness and the ability to file a timely habeas corpus petition). Petitioner cannot meet this standard here. To the contrary, the record reflects that petitioner filed a motion for delayed appeal in 2002, and filed a *pro se* appeal of the appellate court's decision to the Ohio Supreme Court. Further, the record does not reflect that petitioner exercised due diligence in pursuing his rights. Finally, the respondent will suffer some prejudice, if only in terms of time and expense, should this Court equitably toll the statute of limitations.

For the foregoing reasons, it is **RECOMMENDED** that petitioner's motion for summary judgment, Doc. No. 16, and petitioner's motion for judgment granting habeas relief, Doc. No.17, be **DENIED** and that respondent's motion to dismiss, Doc. No. 14, be **GRANTED**. It is further **RECOMMENDED** that this action be **DISMISSED** as untimely under 28 U.S.C. §2244(d). Respondent's motion for leave to file *instanter*, Doc. No. 18, is **DENIED AS MOOT**. Petitioner's response in opposition to Doc. No. 18 was incorrectly docketed as a motion; the Clerk is **DIRECTED** to remove that document from the Court's pending motions list.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation* de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


<u>August 17, 2006</u>                                                         <u>  s/Norah McCann King  </u>
                                                                                          Norah McCann King
                                                                                     United States Magistrate Judge

14