IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOHN WESLEY FRAZIER,**            **CASE NO. 2:05-cv-1112**
                                            **JUDGE FROST**
          **Petitioner,**                    **MAGISTRATE JUDGE KING**

**v.**

**ERNIE MOORE, Warden,**

          **Respondent.**

**OPINION AND ORDER**

On August 17, 2006, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus be dismissed as barred by the one-year statute of limitations under 28 U.S.C. §244(d). Doc. No. 22. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. Doc. No. 29. For the reasons that follow, petitioner's objections are **OVERRULED**. The Magistrate Judge's *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This case is hereby **DISMISSED.**

Petitioner objects to all of the Magistrate Judge's recommendations. Petitioner contends that the Magistrate Judge misconstrued claim one as a claim that the state court failed to perform the ministerial duty of recording an entry of judgment, rather than as an allegation that the state court failed to render any judgment of guilt at all prior to imposing sentence. Additionally, petitioner again argues that his petition is properly construed as a pre-conviction habeas corpus petition under 28 U.S.C. §2241 or 28 U.S.C. §1651, rather than under 28 U.S.C. §2254. He objects to the Magistrate Judge's recommendation of dismissal of this action as time-barred. He again argues that the statute of limitations has not yet begun to run because there was no valid

state court judgment of conviction.  Petitioner also asserts that dismissal of his habeas corpus petition as time-barred constitutes an unconstitutional suspension of the Writ.  Finally, petitioner objects to the Magistrate Judge's dismissal of his motion for summary judgment.  He contends that summary judgment is warranted due to respondent's failure to timely respond to his motion.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* objected to by petitioner.  After careful review of the entire record, this Court is unpersuaded by any of petitioner's arguments.  As discussed by the Magistrate Judge, petitioner may not avoid the one-year statute of limitations simply by invoking jurisdiction under §2241 or §1651.  Further, and contrary to petitioner's allegation here, the record does not reflect that petitioner was unable to file an appeal or any other state court proceeding, or to argue in a timely manner that the trial court was without jurisdiction to impose its May 16, 1996 sentence in this case.  His conviction became final on June 15, 1996.  The statute of limitations expired on June 15, 1997.  Still, petitioner waited until December 2005, to file this habeas corpus petition. Application of the one-year statute of limitations does not violate the Suspension Clause.

> Under the Suspension Clause to the United States Constitution, Congress cannot abolish habeas corpus except in situations of rebellion or invasion.  U.S. CONST. art. I, § 9, cl. 2. The United States Supreme Court has found that habeas legislation violates the Suspension Clause only when it unreasonably "renders the habeas remedy 'inadequate or ineffective' to test the legality of detention." *Miller v. Marr,* 141 F.3d 976, 977 (10th Cir.1998) (quoting *Swain v. Pressley,* 430 U.S. 372, 381, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977), and *United States v. Hayman,* 342 U.S. 205, 223, 72 S.Ct. 263, 96 L.Ed. 232 (1952)). Because the AEDPA's statute of limitations leaves habeas petitioners with a reasonable opportunity to have their claims heard on the merits, the limitations period does not render the habeas remedy "inadequate or ineffective to test the legality of detention ." *See Lucidore v.*

> *New York State Div. of Parole,* 209 F.3d 107, 113 (2nd Cir.2000); *Molo v. Johnson,* 207 F.3d 773, 775 (5th Cir.2000); *Miller,* 141 F.3d at 978; *Rhodes v. Senkowski,* 82 F.Supp.2d 160, 174 (S.D.N.Y.2000); *Biladeau v. Angelone,* 39 F.Supp.2d 652, 657-58 (E.D.Va.1999). The AEDPA's statute of limitations does not unconstitutionally suspend the writ of habeas corpus.

*Birch v. Sherman*, unpublished, 2002 WL 1880398 (E.D. Michigan July 31, 2002); *see also Thomas v. Straub,* 10 F.Supp.2d 834, 836 (E.D. Michigan 1998).

For the foregoing reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED.**  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.**  This action is hereby dismissed for failure to comply with the one year statute of limitations under 28 U.S.C. §2244(d).

**IT IS SO ORDERED**.

  /s/ Gregory L. Frost
GREGORY L. FROST
United States District Judge